# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: EDDIE F. YOUNKER and  
JACQUELINE M. YOUNKER

§  
§ Case No. 10-03459  
§ Chapter 7  
§ Hon. TIMOTHY A. BARNES  
§

Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 01/29/2010.

The undersigned trustee was appointed on 09/14/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $147,998.70

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | |
| Administrative expenses | $71,240.83 |
| Bank Service Fees | $110.52 |
| Other payments to creditors | |
| Non-estate funds paid to 3rd Parties | |
| Exemptions paid to the debtor | $15,000.00 |
| Other payments to the debtor | |
| Leaving a balance on hand of [1] | $61,647.35 |

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 12/23/2016 and the deadline for filing governmental claims was 12/23/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $9,825.74. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $9,825.74, for a total compensation of $9,825.74 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $62.87, for total expenses of $62.87 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/22/2017    By: /s/ ALLAN J. DeMARS
                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**EX "A" - FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No. 10-03459                                                                 Trustee Name: Allan J. DeMars

Case Name: EDDIE F. YOUNKER and JACQUELINE P. YOUNKER                            Date Filed (f) or Converted (c): 1/29/10  (F)
                                                                                  REOPENED 9/14/16
For Period Ending: 3/31/18                                                        §341(a) Meeting Date: 3/9/10

                                                                                  Claims Bar Date: 12/23/16

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) Ref # | | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | residence at 232 Maple, South Chicago Heights, IL | 80,000.00 | 0.00 | | | FA |
| 2 | checking acct First United | 300.00 | 0.00 | | | FA |
| 3 | checking acct TCF | 150.00 | 0.00 | | | FA |
| 4 | savings acct at First United | 100.00 | 0.00 | | | FA |
| 5 | household goods | 2,500.00 | 0.00 | | | FA |
| 6 | wearing apparel | 800.00 | 0.00 | | | FA |
| 7 | Met Life insurance | 4,000.00 | 0.00 | | | FA |
| 8 | wife's 401k | 35,000.00 | 0.00 | | | FA |
| 9 | husband's IRA | 8,000.00 | 0.00 | | | FA |
| 10 | possible lawsuit against roofing company | unknown | 0.00 | | | FA |
| 11 | 1997 Buick LeSabre | 2,000.00 | 0.00 | | | FA |
| 12 | 1997 Pontiac Grand Am | 2,000.00 | 0.00 | | | FA |
| 13 | multi-district Actos litigation (u) | 114,450.00 | 75,483.77 | | 147,998.70 | FA |

TOTALS (Excluding unknown values)                                       75,483.77                 147,998.70

(Total Dollar Amount in Column 6)

Major activities affecting case closing: NOTE: GROSS SETTLEMENT OF $147,998.70 MULTI-DISTRICT PRODUCT LIABILITY CLAIM; APPROVED ATTYS FEES COSTS

AND LIENS DEDUCTED BEFORE NET SENT TO TRUSTEE. Amount in column 3 is a net amount although the gross amount is administered by the estate. The amount in column 5 represents net cash received.

Initial Projected Date of Final Report (TFR): __September, 2017__       Current Projected Date of Final Report (TFR): __June, 2017__

**EXHIBIT "B" - FORM 2**

**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.:       10-03459                                     Trustee's Name:  Allan J. DeMars
Case Name:      EDDIE F. YOUNKER and JACQUELINE P. YOUNKER   Bank Name:       ASSOCIATED BANK
Taxpayer ID#:   XXXXXX1330                                   Initial CD #:    CDI
For Period Ending: 3/31/18                                   Blanket bond (per case limit):  5,000,000
                                                             Separate bond (if applicable):
                                                             Checking acct#:   xxxxxx 1330

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| 2/10/17 | Ref 13 | Actos Settlement Fund | partial distribution re settlement of Actos-Takeda, multi district litigation, gross settlement $147,998.70; first distribution based upon $130,005.00 with remaining distribution to follow. Attys fees, liens, common fund expenses and costs, in the amount of $63,683.48, paid by settling party directly to attys and net paid to the estate; see DOCKET 32 | 1242-000 | 66,321.52 | | 66,321.52 |
| | | | gross settlement first installment $130,005.00 | 1242-000 | | | |
| | | | LESS: | | | | |
| | | | MDL fee of $11,180.43 (paid out of attys fees) | 2990-000 | | | |
| | | | attorney's fees $40,821.57 | 3991-000 | | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| | | | Medical liens $5,544.77 | 4210-000 | | | |
| | | | MDL common benefit expenses $2,600.10 | 2990-000 | | | |
| | | | MDL case expenses $2,766.61 | 2990-000 | | | |
| | | | Lien Resolution admin expense $770.00 | 2990-000 | | | |
| 2/14/17 | | Associated Bank | bank service fee | 2600-000 | | 15.00 | 66,306.52 |
| 2/15/17 | | Associated Bank (Deluxe) | check printing fee | 2600-000 | | 50.52 | 66,256.00 |
| 2/15/17 | Check 1001 | Eddie F. Younker | personal injury exemption | 8100-002 | | 15,000.00 | 51,256.00 |
| 3/14/17 | | Associated Bank | bank service fee | 2600-000 | | 15.00 | 51,241.00 |
| 4/14/17 | | Associated Bank | bank service fee | 2600-000 | | 15.00 | 51,226.00 |
| 5/12/17 | | Associated Bank | bank service fee charged $20 and $5 reversed | 2600-000 | | 15.00 | 51,211.00 |
| 6/12/17 | Ref 13 | Actos Settlement Fund | final distribution re settlement of Actos-Takeda multi-district litigation $17,993.70 attys fees, common fund expenses and costs in the amount of $7,557.35 paid by settling party | 1242-000 | 10,436.35 | | 61,647.35 |
| | | | gross settlement final installment $17,993.70 | 1242-000 | | | |
| | | | LESS: | | | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| | | | final MDL fee in the amount of $1,547.46 (paid out of attorney's fees) | 2990-000 | | | |
| | | | final attys fees ($5,650.02) paid by settling party | 3991-000 | | | |
| | | | final MDL common benefit expenses ($359.87) | 2990-000 | | | |
| | | | | | | | |
| | | | | COLUMN TOTALS | 76,757.87 | 15,110.52 | 61,647.35 |
| | | | Less: Payments to debtor(s) | | 15,000.00 | 15,000.00 | |
| | | | Net | | 61,757.87 | 110.52 | 61,647.35 |

|  |  | NET DEPOSITS | NET DISBURSEMENTS | BALANCES |
|---|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | | |
| Checking# xxxxxx1330 | | | | |
| Money Market # | | 61,757.87 | 110.52 | 61,647.35 |
| Savings # | | | | |
| CD #CDI | | | | |
| Net | | 61,757.87 | 110.52 | 61,647.35 |
| | | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

EXHIBIT C: CLAIMS REVIEW ANALYSIS

| CLAIM # | NAME | AMOUNT | PROPOSED DIST. Including interest |
|---|---|---|---|
| | ADMINISTRATIVE/FEES | | |
| | Allan J. DeMars trustee comp | 9,825.74 | 9,825.74 |
| | Allan J. DeMars expenses | 62.87 | 62.87 |
| | Allan J. DeMars attorney's fees | 3,467.50 | 3,467.50 |
| | | 13,356.11 | 13,356.11 |
| | UNSECURED | | |
| 1 | American Express Centurion Bank | 7,896.24 | 8,080.93 |
| 2 | Quantum3 Group LLC as agent | 414.52 | 424.22 |
| 3 | Discover Bank | 11,459.74 | 11,727.78 |
| 4 | Ally Financial | 248.54 | 254.35 |
| 5 | American InfoSource LP as agent for Capital One Bank | 9,637.14 | 9,862.56 |
| 6 | American InfoSource LP as agent for Capital One Bank | 3,003.59 | 3,073.84 |
| 7 | Citibank NA | 6,908.32 | 7,069.91 |
| 8 | American Express Centurion Bank | 5,992.81 | 6,132.98 |
| 9 | Capital One NA | 633.81 | 648.64 |
| | | 46,194.71 | |
| | interest calculated to 8/16/17 | | 47,275.21 |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 10-03459
Case Name: EDDIE F. and JACQUELINE M. YOUNKER
Trustee Name: ALLAN J. DeMARS

**Balance on hand:**  $61,647.35

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $61,647.35

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| Trustee, Fees | ALLAN J. DeMARS | $9,825.74 | $0.00 | $9,825.74 |
| Trustee, Expenses | ALLAN J. DeMARS | $62.87 | $0.00 | $62.87 |
| Attorney for Trustee, Fees | ALLAN J. DeMARS | $3,467.50 | $0.00 | $3,467.50 |
| Attorney for Trustee, Expenses | ALLAN J. DeMARS | | | |
| Accountant for Trustee, Fees | | | | |
| Accountant for Trustee, Expenses | | | | |
| Auctioneer, Fees | | | | |
| Auctioneer, Expenses | | | | |
| Charges, | U.S. Bankruptcy Court | | | |
| Fees, | United States Trustee | | | |
| Other | | | | |

Total to be paid for chapter 7 administrative expenses : $13,356.11
Remaining balance: $48,291.24

UST Form 101-7-TFR (5/1/2011)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for           , Fees* | | | |
| *Attorney for           , Expenses* | | | |
| *Accountant for          , Fees* | | | |
| *Accountant for          , Expenses* | | | |
| Other | | | |

Total to be paid for prior chapter administrative expenses: $0.00
Remaining balance: $48,291.24

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling ___$0.00___ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00
Remaining balance: $48,291.24

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling ___$46,194.71___ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___100___ percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American Express Centurion Bank | $7,896.24 | $0.00 | $7,896.24 |
| 2 | Quantum3 Group LLC as agent | $414.52 | $0.00 | $414.52 |
| 3 | Discover Bank | $11,459.74 | $0.00 | $11,459.74 |
| 4 | Ally Financial | $248.54 | $0.00 | $248.54 |
| 5 | American InfoSource LP as agent for Capital One Bank | $9,637.14 | $0.00 | $9,637.14 |
| 6 | American InfoSource LP as agent for Capital One Bank | $3,003.59 | $0.00 | $3,003.59 |
| 7 | Citibank NA | $6,908.32 | $0.00 | $6,908.32 |
| 8 | American Express Centurion Bank | $5,992.81 | $0.00 | $5,992.81 |
| 9 | Capital One NA | $633.81 | $0.00 | $633.81 |

Total to be paid for timely general unsecured claims:  $46,194.71
Remaining balance:  $2,096.53

Tardily filed claims of general (unsecured) creditors totaling _____$0.00_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be __0__ percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims:  $0.00
Remaining balance:  $2,096.53

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$0.00_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be __0__ percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for subordinated claims:  $0.00
Remaining balance:  $2,096.53

**UST Form 101-7-TFR (5/1/2011)**

     To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of __0.3__ percent pursuant to 11 U.S.C. §726(a)(5). Funds available for interest are __$1,080.50__. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

     The amount of surplus returned to the debtor after payment of all claims and interest is __$1,016.03__.

**UST Form 101-7-TFR (5/1/2011)**